## Joseph Wood *versus* Samuel Noyes.

It is not contemplated in the constitution or laws, that a party can save the expense of legal counsel and assistance, go on as it were blindfold, and if he becomes the victim of his own rashness and indiscretion, make that rashness and indiscretion the basis of a claim to be restored to his original condition in the suit, especially when he produces no evidence, that he suffered any loss on the merits.

This case came before the Court on the following exceptions, to the order of Shepley J. presiding at the trial, accepting the report of certain commissioners.

"This was a complaint for flowing by means of a dam erected by defendants, originally filed in the district court. While the case was pending in that court, at December Term, 1843, said respondents were defaulted, under a supposed agreement, a copy of which is hereunto annexed, viz: "In the complaints, *Joseph Wood* v. *Horatio G. Kelly & al.*, and *Truxton Wood* v. *the same,* it is hereby agreed by and between the parties, that the defendants are to be defaulted, and Peleg Benson, Jr., Leavitt Lothrop and Royal Fogg, are to be appointed by the court, commissioners to appraise the damages, flowage, &c. Dec. 6, 1843." "Truxton Wood, for the complainants.

"Samuel Noyes, for the defendants."

" Signed by said Noyes, for himself and for said Kelly. A commission issued, to have the yearly damages appraised, &c. Said commissioners accepted the trust, and made their return, assessing the yearly damages and determining as to the portion of the year, which said dam should not be kept up, and what portion it might be. Said report of said commissioners was returned to said district court at August Term, 1844, and presented for acceptance. The said Kelly and Noyes, appeared at the same term, and opposed the acceptance of said report on the ground, that the agreement by virtue of which said default was made, was entered into, by mistake or misunderstanding on the part of said Noyes, and was unauthorized on the part of said Kelly, and moved said court, that said default should be taken off. The Judge of the district court, after fully hearing said parties, decided that the default should be taken off as respects said Kelly, but not as to said Noyes, and said Judge declined to accept said report as to said Noyes, the parties having agreed to demur the action, and the court being of the opinion, that the demurrer carried the whole case into this Court. Thereupon the parties in the district court, at the August Term, 1845, demurred the case to this Court, and the same was entered by said complainant at the present term. Said Kelly appeared and pleaded several pleas, or brief statements, in answer to said complaint, and the cause was opened to the jury, when the complainant, on the suggestion of the Court, discontinued said complaint as against said Kelly, he agreeing to take no costs, which was accordingly done, and entered of record ; and moved the Court here, that said report of said commissioners should be accepted, as against said Noyes. Which motion was opposed by said Noyes, but the presiding Judge ordered said report to be accepted, and rendered judgment thereon. To which order and determination the counsel for said Noyes excepts ; and here, in open Court, before the adjournment thereof, tenders his bill of exceptions according to the statute, in that case made and provided.

" F. Allen, counsel for said Noyes."

" These exceptions having been presented before the ad-

journment of the Court without day, and found to be correct, are allowed. "Ether Shepley."

There was a petition presented by R. H. Gardiner, alleging that he was the owner of the land on which the mills were, and praying that the default might be taken off, that his rights might be preserved. Noyes, also presented a petition, or motion in writing, to take off the default. These petitions were accompanied by affidavits to the truth of the statements contained therein.

*F. Allen*, for Noyes and Gardiner, after remarking that the counsel for the complainant had objected to the reception of the petition of the owner of the land, said that the right of petitioning in this State, was inherent in every member of the community, and was not to be drawn in question, the application being respectful in its terms, and ostensibly for a legitimate object. When a party has suffered in his rights by a judicial proceeding, he should have an opportunity of applying to an appellate judicial tribunal, for a redress of his wrongs ; and more especially, when it relates to an action then pending in the appellate court.

He also contended, that there was sufficient cause shown, for taking off the default, and that the court had the power to do it in that stage of the proceedings.

*A. Belcher* and *Benson*, for the complainant, made these objections.

1. It is a mere question of discretion, which was fully heard on proof in the district court, and decided against the defendant, and this Court will not revise that decision. 3 Greenl. 216 ; 14 Maine R. 208.

2. If the defendant had a right to make the motion in this Court, it should have been made at the first term, and by omitting to do it, he has waived the right.

3. The Court will carry into effect the agreements of suitors, not make them. The default was entered in pursuance of a written agreement, clear and intelligible, and it should be enforced.

4. The affidavit of Mr. Gardiner is inadmissible, the complainant having had no notice, nor opportunity to cross examine. 7 Mass. R. 252. He is not, and cannot be, a party to the suit, and has no right to be heard, or appear therein. He is but in the situation of any other stranger, and the paper should not be received. Nor should the rights of the complainant be determined, without his being permitted to offer counter proof.

The opinion of the Court was drawn up by

TENNEY J. — The complainant claimed to have received injury by the acts of the respondents. They took legal measures to have an investigation and settlement of the matter in dispute. In pursuance of an agreement of Samuel Noyes and the complainant, a default was entered and a commission issued, which was duly returned, with a report of the commissioners. No suggestion is made, that the commissioners were under the influence of prejudice or partiality. Their report has been accepted, so far as it had reference to Noyes, another arrangement having been made between the complainant and the other respondent. No reason has been offered in support of the exceptions, which were taken to the order of acceptance.

We are bound to believe, that the respondent, who entered into the agreement to be defaulted, did not understand its full import. But he makes no charge against the other party's counsel, who acted in making the agreement, that they in any way practised upon his ignorance or inexperience, but expressly says, he imputes to them no fraud or unworthy motive. One term intervened, between that when the commission was ordered, and the one when it was returned, in the district court; and the intermediate term was probably prior to the hearing before the commissioners. There was an opportunity to make application for a correction of the error, without producing great expense or delay ; but no attempt was made for the purpose, till the report was offered for acceptance in the district court, where there was a full hearing upon the motion

to remove the default, which motion was overruled. He certainly was not vigilant to guard his rights ; common prudence would seem to have dictated, that he should have sought the advice of counsel, if not their assistance in Court, at an earlier day, when he did not understand the meaning of the simplest terms, used in legal proceedings. .

" Right and justice shall be administered promptly and without delay." It is not contemplated in the constitution or laws, that a party can save the expense of legal counsel and assistance, go on as it were blindfold, and if he becomes the victim of his own rashness and indiscretion, make that rashness and indiscretion the basis of a claim, to be restored to his original condition in the suit, especially when he has produced no evidence, that he had a valid defence to the complaint.

No better reason exists for the restoration of the action, so that it can stand for trial on its merits, on account of the facts stated in the petition of Noyes' lessor. It does not appear, that his rights have been compromitted by the default which took place without his knowledge or consent ; of this however, no opinion is given. But if he did trust the lessee with the disposal of his rights, he can claim no favor, which is denied to the latter.         *Exceptions overruled, and petitions of*
                    *Gardiner and Noyes dismissed.*